# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
DENVER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

DAVID J. ABRAMS
DIRECT DIAL: (212) 506-1701
DABRAMS@KASOWITZ.COM

July 12, 2022

**VIA ECF**

Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2022
```

Re:    *T.C. et al. v. New York State Dep't of Health, et al.*, Case No. 1:22-cv-05045

Dear Judge Vyskocil:

I am an attorney with Kasowitz Benson Torres LLP, which represents Plaintiffs in the above-referenced action together with co-counsel from Disability Rights New York and Mental Health Legal Hygiene Legal Services. Pursuant to Part 4.A.i. of Your Honor's Individual Rules of Practice in Civil Cases, we write to respectfully request a pre-motion conference concerning Plaintiffs' proposed motion to proceed anonymously in this case by means of the pseudonymous initials reflected in the Complaint's caption. (*See* ECF 1.) Defendants consent to the relief requested herein. If the Court determines that no conference is necessary or required, especially in light of Defendants' consent to this application, Plaintiffs request that the Court construe this letter as a motion to proceed anonymously and to grant the relief requested.

Named Plaintiffs T.C., A.H., R.D., J.D., H.L., A.B., J.S., and M.L. are individuals with intellectual and/or developmental disabilities that remain institutionalized due to their disabilities. Certain of these individual plaintiffs, due to their disabilities, are represented by and are appearing through a next friend. The individual named Plaintiffs filed the Complaint on behalf of themselves and a putative class of similarly situated individuals against the New York State Department of Health ("DOH"), Mary Bassett ("Bassett") in her official capacity as Commissioner of DOH, the New York State Office for People with Developmental Disabilities ("OPWDD"), and Kerri Neifeld ("Neifeld") in her official capacity as Commissioner of OPWDD. Plaintiffs allege systemic violations of the Medicaid Act, 42 U.S.C. § 1396 *et seq.*, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

The Second Circuit's decision governing motions to proceed anonymously, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), compels the use of pseudonyms in this case. In *Sealed Plaintiff*, the Second Circuit provides a non-exhaustive list of factors for courts to consider when balancing plaintiffs' interest in anonymity, the public's interest in disclosure, and any prejudice to the defendant. In particular, those factors include:

> (1) whether the litigation involves matters that are 'highly sensitive and [of a] personal nature,' (2) 'whether identification poses a risk of retaliatory physical or

        mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent nonparties,' (3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,' (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,' and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 190.

        The present litigation involves matters that are highly sensitive and personal. Plaintiffs are individuals with intellectual and developmental disabilities who are presently institutionalized due to their disabilities. The Complaint includes legally protected physical and mental health information with regards to their diagnoses, functional limitations, treatment history, and treatment needs. Plaintiffs have provided this information to plead their claims and establish a *prima facie* case of violations of federal law. Federal law, state law, and numerous courts have all recognized that health information, like the kind at issue here, is entitled to protection from public disclosure. *See, e.g.*, 42 U.S.C. § 1320d *et seq.*; N.Y. Mental Hyg. Law § 33.13. Disclosure of Plaintiffs' health histories, including their histories of institutionalization, could result in additional injury. *See P.D. v. Neifeld*, No. 1:21-cv-06787, 2022 WL 818895, at *4 (E.D.N.Y. Mar. 1, 2022) ("It is not difficult to imagine that being identified as someone involuntarily held in a psychiatric ward for 11 months would impose additional injury."); *see also Doe v. Univ. of Connecticut*, No. 3:09-cv-01071, 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013) ("Given plaintiff's history of emotional disorders . . . public identification of him can present the harm of further emotional upset, and for the same reasons, plaintiff is particularly vulnerable to the possible harms of disclosure.").

        The public interest favors protecting Plaintiffs' identities in this case, as there is a "substantial public interest in ensuring that cases like the plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without the risk of stigmatization. *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006). Likewise, the judiciary has an interest in ensuring that litigants, like Plaintiffs here, can have their day in court. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006).

        There is no alternative mechanism to protect Plaintiffs' confidentiality as their "condition[s] are potentially bound up with the mere identification of Plaintiff[s] in connection with these allegations and lawsuit." *P.D.*, 2022 WL 818895, at *3. Similarly, allowing Plaintiffs' Next Friends to proceed using pseudonyms is also necessary as many are family members who

Hon. Mary Kay Vyskocil
July 12, 2022
Page 3

share last names with Plaintiffs and/or are known in their communities to be Plaintiffs' caregivers. *See, e.g.*, *P.D.*, 2022 WL 818895, at *4 ("[B]ecause disclosure of H.D.'s identity would likely result in being able to easily identify P.D., permitting his guardian to proceed using initials is likewise appropriate."). Using pseudonymous initials for Plaintiffs and their Next Friends is thus necessary to prevent community members from determining the plaintiffs' or their caregivers' identities in light of the allegations in the complaint. *See, e.g.*, *A.A. v. Gee*, No. 3:19-cv-00770, ECF 21 (M.D. La. Dec. 5, 2019) (granting plaintiffs' motion to proceed using pseudonymous initials for both minor named plaintiffs and their next friends).

Defendants will not be prejudiced by allowing the individual plaintiffs and their next friends to remain anonymous. Plaintiffs challenge government activity and this case does not involve reputational injury. *See Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019). The use of pseudonymous initials also will not disrupt Defendants' ability to litigate this case or proceed in discovery, as Plaintiffs will make their own and their Next Friends' true identities known to Defendants and their counsel, subject to a protective order. *See E.W. v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (where defendant knew plaintiff's identity, defendant could not identify any "prejudice to its ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym"); *see also Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014) ("Courts generally find little to no risk of unfairness to an accused defendant…where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously.").

Accordingly, Plaintiffs request a pre-motion conference concerning their proposed motion to proceed with pseudonyms. Alternatively, if the Court finds that a conference is unnecessary, and because Defendants consent to this application, Plaintiffs request the Court construe this letter as a motion to proceed anonymously and grant Plaintiffs' request to proceed with pseudonyms.

Respectfully,

/s/ David J. Abrams

David J. Abrams

---

Plaintiffs' unopposed motion to proceed anonymously is GRANTED for substantially the reasons set forth above.

Date: October 21, 2022
New York, New York

*[signature]* Mary Kay Vyskocil
United States District Judge