UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| A.H. by her next friend E.H, R.D. by her next friend M.D., J.D. by his next friend D.D., L.P. by her next friend C.P., J.C.M., H.L., A.B., and J.S., on behalf of themselves and all others similarly situated, and DISABILITY RIGHTS NEW YORK,<br><br>*Plaintiffs*,<br><br>- against -<br><br>NEW YORK STATE DEPARTMENT OF HEALTH; MARY BASSETT, in her official capacity as Commissioner of the New York State Department of Health; NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES; and KERRI NEIFELD, in her official capacity as Commissioner of the New York State Office for People with Developmental Disabilities,<br><br>*Defendants*. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __4/6/2023__<br><br>Case No. 1:22-cv-05045 (MKV)<br><br>**QUALIFIED PROTECTIVE ORDER** |

The parties to this action have met and conferred concerning a protocol for the designation and treatment of confidential information.

The parties hereby stipulate and agree that, to expedite and streamline discovery in this complex litigation to the extent practicable by avoiding unnecessary and costly motion practice and other disputes over the confidential status and proper handling of the large volume of documents and information that the parties expect to exchange in the course of this action, while protecting the privacy and confidentiality rights and interests of all parties and non-parties hereto, and acknowledging that Defendants have a legal obligation to protect the private and confidential information contained in broad categories of information subject to discovery in this action, the parties shall comply with the following terms.

1

It is, therefore, ORDERED that the following provisions shall govern the disclosure of and access to confidential information, as well as the treatment and maintenance of confidential information produced or otherwise shared in this action:

(a) The following documents and information shall be deemed "Confidential Information": All information supplied in any form concerning (i) the individual named Plaintiffs, or (ii) other individuals served or eligible to be served by The Office for People with Developmental Disabilities ("OPWDD"), The New York State Department of Health ("DOH"), or any other state agency, or any agency, contractor or service provider who coordinates services with OPWDD, DOH, or other state agency, or (iii) family members, foster parents and siblings, next friends, or guardians of any such individuals, or (iv) any other natural person or legal entity that has a right to privacy or confidentiality, or an obligation to treat as confidential certain categories of information within its possession, as codified in federal, state or local laws including but not limited to the Health Insurance Portability and Accountability Act ("HIPAA") of 1996, its implementing regulations (45 C.F.R. § 164.512); the New York Mental Hygiene Law; the Developmental Disabilities Assistance and Bill of Rights Act, (42 U.S.C. §15043 *et seq.*), Protection and Advocacy for Individuals with Mental Illness Act (42 U.S.C. § 10805 *et seq.*), Protection and Advocacy of Individual Rights Act, 29 U.S.C. § 794e *et seq.* (collectively known as the "P&A Acts"); or as otherwise established by statute, regulation or common law.

(b) In addition, the following documents and information shall be deemed Confidential Information, provided that such documents are not known by counsel for the producing party to be publicly available at the time that the production is made:

    i. Sensitive Personal Data, such as personal identifiers, financial information (including any information utilized to determine Medicaid eligibility), tax

        records, and employer or employee personnel records of the individuals listed in paragraph (a).

    ii.    Medical and Legal Records, including medical files and reports.

    iii.    Non-public criminal and juvenile justice history.

    iv.    Records, reports and other documents pertaining to allegations and investigations into reportable incidents at a facility covered by Section 33.25 of the New York Mental Hygiene Law.

    v.    Other information that a party or non-party is obligated by federal or state laws or regulations to protect as private or confidential.

    vi.    Any category of information given confidential status by the Court.

(c)    If any party or non-party with an interest in the information to be produced believes that a document or information not described in the above paragraphs should nevertheless be treated as Confidential Information, it may meet and confer with counsel to reach agreement to mark the document or information as Confidential Information or, if agreement cannot be reached, it may make application to the Court. Such application shall only be granted for good cause shown.

(d)    An attorney for the producing party may designate documents, parts thereof, or other information as Confidential Information by stamping or otherwise marking the word "CONFIDENTIAL" on each page of a confidential document or by identifying other Confidential Information in a writing provided to the recipient of the information, either contemporaneously with the disclosure or thereafter, and by complying with the confidentiality marking protocol set forth in the parties' ESI protocol in this action.

(e) The failure to designate Confidential Information as "CONFIDENTIAL" or to mark documents containing Confidential Information as "CONFIDENTIAL" shall not, standing alone, constitute a waiver of the confidentiality of the document or information, so long as the producing party notifies all relevant parties in writing regarding the inadvertent failure to designate Confidential Information as "CONFIDENTIAL" within 14 days from discovering the oversight. If a party designates a document as "CONFIDENTIAL" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party to this Order shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as "CONFIDENTIAL," even where the failure to so designate was inadvertent and where the material is subsequently designated as "CONFIDENTIAL."

(f) If information designated as confidential is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "CONFIDENTIAL," and incorporate by reference the appended material into the responses.

(g) Any party may object to the designation of information as "CONFIDENTIAL" or to the failure to designate Confidential Information as "CONFIDENTIAL" by serving written notice of an objection to the producing party. The party objecting to the designation or lack thereof shall make a good faith effort to do so within sixty (60) days of receiving the subject information. The parties shall confer in good faith in an attempt to resolve any such dispute. In conferring, the objecting party must explain the basis for its belief that the confidentiality designation was not proper or was improperly excluded and must give the producing party an

opportunity to review the subject material, to reconsider the designation or lack thereof, and, if no change in designation is offered, to explain the basis for the designation or lack thereof. If the parties are unable to resolve the dispute without court intervention within 30 days of the objecting party providing written notice, they shall write to the Court by electronically filing a single letter, jointly composed, not exceeding three (3) pages in length, exclusive of the attachments. The producing party will bear the burden of proving the appropriateness of designating the information as "CONFIDENTIAL" or of not designating information as "CONFIDENTIAL." The party challenging a "CONFIDENTIAL" designation or lack thereof shall treat the document as confidential pending the Court's order regarding the designation.

(h)     At the time of a deposition, or after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraphs (a) and (b) above. At the deposition, a party may designate the transcript or portions of it as confidential by making a statement on the record to that effect. After the deposition—no later than the fourteenth day after the transcript is delivered, and in no event later than sixty (60) days after the testimony is given—a party may designate the transcript or portions of it as "CONFIDENTIAL" by serving a Notice of Designation to that effect upon all counsel by email communication. Thereafter, only those portions identified in the Notice of Designation shall be protected by the terms of this Order. No objection shall be interposed at deposition that an answer would elicit confidential information.

(i)     Deposition testimony, the information conveyed in that testimony, exhibits used or referenced in the deposition, and transcripts recording such testimony and information shall be treated as strictly confidential from the time that the testimony is given until 10 days after the deposition transcript is received by each party. After that date, any portions of a transcript

designated confidential as set forth in the preceding paragraph, and the testimony, exhibits and information provided in them, shall remain confidential and be handled in accordance with this Order.  The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

(j)      Documents or information designated "CONFIDENTIAL" or otherwise containing Confidential Information shall not be shown or made available to anyone except: the named parties to this action, their counsel, their counsel's legal, technical, and copying staff, experts, actual or proposed witnesses, court reporters, court personnel, and other persons required to review the documents for the prosecution or defense of this lawsuit.  Each person to whom confidential documents or information are made available shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality of the information and to strictly comply with the terms of this Order.

(k)      Any individual other than the Court and its personnel, the parties, their counsel, their counsel's legal, technical, and copying staff, and court reporters to whom Confidential Information is disclosed shall date and execute an Acknowledgment in the form attached hereto as Exhibit A and shall agree to be bound by this Order before that person is given access to any Confidential Information.  Counsel for the party disclosing the Confidential Information to the person(s) executing the Acknowledgement(s) shall retain the dated and executed Acknowledgments, and that counsel shall maintain a list of all persons given access to any Confidential Information from this action and the date when that party or counsel first provided access to the Confidential Information.  The executed Acknowledgement(s) and the list required by this provision shall be subject to inspection by the Court, in the event of any actual or alleged

violation of this Order, and shall be subject to inspection by the producing party with the Court's approval or at the conclusion of the litigation.

(l) The parties agree that any Confidential Information produced, shared or otherwise disclosed in this litigation may be used or further disclosed (as limited by this Order) solely for the purpose of the prosecution or defense of this action.

(m) Review of any privileged, protected, immune, or confidential document or information by any party, counsel, expert, consultant, or other person after that information is disclosed in this litigation shall not constitute a waiver of the privilege, protection, immunity, or confidentiality of the document or information.

(n) The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the documents or information that the party produced or otherwise disclosed should be designated as "CONFIDENTIAL," the party may so designate by apprising all parties in writing, and the documents or information shall thereafter be treated as confidential under this Order.

(o) In the event that a person inadvertently discloses Confidential Information to a person not authorized to receive such disclosure under the provisions of this Order, or in a pleading, filing, hearing, trial, or other proceeding in this action, the party responsible for having made such disclosure shall immediately (i) notify counsel for the party who produced the information that it was inadvertently disclosed (identifying it by Bates range), to whom and when it was disclosed, and (ii) attempt to reach agreement with counsel for the producing party on appropriate steps to take in response to the disclosure; and (iii) procure the return of all Confidential Information from the person to whom it was made available if the producing party

requests that action or, (iv) if on file with the Court, immediately move to withdraw the Confidential Information and seek leave of the Court to re-file under seal, or move to have the Confidential Information sealed, or treat the information in accordance with any other agreement reached with the party who produced the information.

(p) In the event any document containing Confidential Information that is subject to this Order must be filed with the Court prior to trial, it shall be provisionally filed under seal with the filing party's motion for leave to file under seal. A party seeking to file a document under seal must comply with the Court's rules and electronic docketing procedures for filing such motions. Documents which identify any individual in paragraph (a) hereto only by pseudonyms shall not be subject to sealing on that basis and shall be filed publicly unless other Confidential information is contained in the document. Nothing in this stipulated Order shall constrain the Court's ability to restrict or permit public access to the documents filed on the docket or alter the standards under which public access to documents is determined.

(q) Nothing in this Order shall limit a party's ability to make public compilations, summaries, analyses, and statistics derived from information designated as "CONFIDENTIAL," provided the underlying Confidential Information is not disclosed to any person or entity not expressly authorized pursuant to this Order.

(r) Should any party bound by this Order receive a subpoena, civil investigative demand, or other legal process from a third party seeking or requiring disclosure of Confidential Information from this action, that party shall provide written notice of such request to the other parties no later than seven (7) days from the date the request is received.

(s) Within sixty (60) days after the conclusion of the litigation (including resolution of all appellate proceedings), all confidential documents and information (including all copies

made in electronic or any other form) shall be returned to the respective producing parties or producing third parties or destroyed by the recipients, at the option of the recipient party, consistent with federal requirements for qualified protective orders. However, counsel of record for the parties to this action may retain their work product, copies of court filings, and official transcripts and exhibits, provided that any and all retained documents and information are kept confidential and, along with all other Confidential Information disclosed in this action, continue to be treated as Confidential pursuant to this Stipulation and Order.

(t) In light of the foregoing provisions, this Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations and shall serve as an order allowing covered entities to produce documents, medical records and other information as requested in this matter.

(u) Pursuant to New York Mental Hygiene Law § 33.13(c)(1), the Court finds that disclosure of Confidential Information such as that addressed by this Order is required for the Court to reach the merits of this action and, therefore, the interests of justice significantly outweigh the need for confidentiality, so long as the parties abide by the terms of this Order.

(v) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

STIPULATED AND AGREED:

Dated: New York, New York
March 30, 2023

DISABILITY RIGHTS NEW YORK
*Counsel for Plaintiffs*

By: /s/ Benjamin Taylor
Benjamin Taylor
Julie M. Keegan
Alyssa Galea
William Tronsor

9

| | |
|---|---|
| Dated: New York, New York<br>March 22, 2023 | MENTAL HYGIENE LEGAL SERVICE<br>FIRST JUDICIAL DEPARTMENT<br>*Counsel for Plaintiffs*<br><br>By: _____<br>Sadie Z. Ishee<br>Leonard D. Simmons |
| Dated: New York, New York<br>March 22, 2023 | MENTAL HYGIENE LEGAL SERVICE<br>THIRD JUDICIAL DEPARTMENT<br>*Counsel for Plaintiffs*<br><br>By: Sheila E. Shea<br>Sheila E. Shea |
| Dated: ____, New York<br>March __, 2023 | KASOWITZ BENSON TORRES LLP<br>*Counsel for Plaintiffs*<br><br>By: _____<br>David J. Abrams<br>David E. Ross<br>Stephen P. Thomasch<br>Andrew W. Breland |
| Dated: New York, New York<br>March 20, 2023 | LETITIA JAMES<br>Attorney General of the State of New York<br>*Counsel for Defendants*<br><br>By: Erin Kandel<br>Erin Kandel<br>Celina Rogers<br>Assistant Attorneys General |

SO ORDERED:

_____
MARY KAY VYSKOCIL
United States District Judge

Dated: \_\_\_\_, New York  　　　　　　　MENTAL HYGIENE LEGAL SERVICE
　　　　March \_\_, 2023  　　　　　　　　FIRST JUDICIAL DEPARTMENT
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Sadie Z. Ishee
　　　　　　　　　　　　　　　　　　　　　　Leonard D. Simmons

Dated: _____, New York  　　　　　　MENTAL HYGIENE LEGAL SERVICE
　　　　March \_\_, 2023  　　　　　　　　THIRD JUDICIAL DEPARTMENT
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Sheila E. Shea

Dated: New York, NY  　　　　　　　　　KASOWITZ BENSON TORRES LLP
　　　　March <u>31</u>, 2023  　　　　　　　　*Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　By: */s/ David J. Abrams*
　　　　　　　　　　　　　　　　　　　　　　David J. Abrams
　　　　　　　　　　　　　　　　　　　　　　David E. Ross
　　　　　　　　　　　　　　　　　　　　　　Stephen P. Thomasch
　　　　　　　　　　　　　　　　　　　　　　Andrew W. Breland

Dated: New York, New York  　　　　　LETITIA JAMES
　　　　March \_\_, 2023  　　　　　　　　Attorney General of the State of
　　　　　　　　　　　　　　　　　　　　New York
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*

　　　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　Erin Kandel
　　　　　　　　　　　　　　　　　　　　　　Celina Rogers
　　　　　　　　　　　　　　　　　　　　　　Assistant Attorneys General

SO ORDERED:

*/s/ Mary Kay Vyskocil*　　　　April 6, 2023

MARY KAY VYSKOCIL
United States District Judge

10

## **EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have read the Qualified Protective Order issued by the United States District Court for the Southern District of New York in *A.H., et al. v. DOH, et al.*, 22-CV-05045 (MKV) on **[DATE ISSUED]**. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order. I understand that the terms of the Order obligate me to use Confidential Information, including documents and information designated as confidential in this action, solely for purposes of this litigation and not to disclose any such documents or information to any other person or entity. I understand that violation of the Order is a serious offense that may result in penalties for contempt of court.

By: _____          Dated:_____

Printed Name: _____